IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH LINDQUIST, on behalf of himself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>NCB MANAGEMENT SERVICES, INC.,<br><br>*Defendant.* | **CIVIL NO. 23-1236** |
| LILLIAN MARDICKIAN, on behalf of herself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>NCB MANAGEMENT SERVICES, INC.,<br><br>*Defendant.* | **CIVIL NO. 23-1246** |
| ERNESTO MEDINA, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>NCB MANAGEMENT SERVICES, INC.,<br><br>*Defendant.* | **CIVIL NO. 23-1270** |
| CHRISTINE NEUBAUER, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>NCB MANAGEMENT SERVICES, INC.,<br><br>*Defendant.* | **CIVIL NO. 23-1300** |

| | |
|---|---|
| **JUDE PALMER**, individually and on behalf of all others similarly situated,<br><br>     *Plaintiff,*<br> v.<br><br>**NCB MANAGEMENT SERVICES, INC.,** and **BANK OF AMERICA CORPORATION,**<br><br>     *Defendants.* | **CIVIL NO. 23-1315** |
| **HOWARD SUH**, individually and on behalf of all others similarly situated,<br><br>     *Plaintiff,*<br> v.<br><br>**NCB MANAGEMENT SERVICES, INC.,**<br><br>     *Defendant.* | **CIVIL NO. 23-1338** |
| **KYLIE MEYER**, individually and on behalf of all others similarly situated,<br><br>     *Plaintiff,*<br> v.<br><br>**NCB MANAGEMENT SERVICES, INC.,** and **BANK OF AMERICA CORPORATION,**<br><br>     *Defendants.* | **CIVIL NO. 23-1340** |

| | |
|---|---|
| BRYAN WOODLOW,<br><br>                       *Plaintiff*,<br>    v.<br><br>NCB MANAGEMENT SERVICES, INC.,<br><br>                       *Defendant.* | CIVIL NO. 23-1821 |

## ORDER

**AND NOW**, this **5th** day of **June, 2023**, upon consideration of the Plaintiffs' Motion (1) to Consolidate the Related Actions, (2) to Appoint Interim Co-Lead Class Counsel, Plaintiffs' Liaison Counsel, and a Plaintiffs' Steering Committee, and (3) to Set a Deadline for the Filing of a Single Consolidated Amended Complaint (ECF No. 4 in Civil Action Nos. 23-1236, 1246, 1270 and 1340; ECF No. 3 in Civil Action Nos. 23-1300 and 1338; ECF No. 6 in Civil Action No. 23-1315; and ECF No. 15 in Civil Action No. 23-1821), the Defendants' Responses to the Plaintiffs' Motion (ECF No. 10 in Civil Action Nos. 23-1236; ECF No. 12 in Civil Action No. 23-1246; ECF No. 9 in Civil Action No. 23-1270; ECF. No. 7 in Civil Action No. 23-1300; ECF No. 14 in Civil Action No. 23-1315; ECF No. 8 in Civil Action No. 1338; and ECF No. 11 in Civil Action No. 23-1340), and the Plaintiffs' Reply in Further Support of Their Motion, it is hereby **ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

1. The above-captioned cases (the "Related Actions")[1] are hereby

---

[1] The Related Actions are: *Lindquist v. NCB Management Services, Inc. ("NCB")*, Civil Action No. 23-1236; *Mardikian v. NCB*, Civil Action No. 23-1246; *Medina v. NCB*, Civil Action No. 23-1270; *Neubauer v. NCB*, Civil Action No. 23-1300; *Palmer v. NCB and Bank of America Corporation*, Civil Action No. 23-1315; *Suh v. NCB*, Civil Action No. 23-1338; *Meyer v. NCB and Bank of America Corporation*, Civil Action No. 23-1340; and *Woodlow v NCB*, Civil Action No. 23-1821.

**CONSOLIDATED** pursuant to Fed. R. Civ. P. 42(a) under the new title: "*In re NCB Management Services, Inc. Data Breach Litigation*," Civil Action No. 23-1236 (the "Consolidated Action").

2. *Lindquist v. NCB Management Services, Inc.*, Civil Action No. 23-1236, shall be the "Lead Case" of the Consolidated Action.

3. The Consolidated Action shall bear the following caption:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE NCB MANAGEMENT SERVICES,** **INC. DATA BREACH LITIGATION** | **CIVIL NO. 23-1236** |
| | **This Document Applies To:** |
| | **[ALL ACTIONS]** **or** **[*Mardikian*, Civil Action No. 23-1246]** |

4. All documents filed in the Consolidated Action shall be filed under the Lead Case number. When a pleading is intended to apply to all actions to which this Order applies, the words "ALL ACTIONS" shall appear under the words "This Document Applies To:" in the caption. When a pleading is not intended to apply to all actions, the last name of the first-named plaintiff in and docket number for each individual action to which the document is intended to apply shall appear under the words "This Document Applies To:" in the caption.

5. Pursuant to Local Rule 40.1(c), all cases related to Civil Action No. 23-1236, the Lead Case, filed before, on the same date of, or after the docketing of this Order shall be consolidated with and placed on the docket of the Lead Case.

6. The Clerk of Court is **DIRECTED** to transfer all parties to the docket of the Lead Case who appear in any and all related cases filed before, on the same date of, or after the docketing of this Order.

4

7. The Clerk of Court is **DIRECTED** to add all counsel to the docket of the Lead Case who have or will have entered a notice of appearance in any and all of the related cases filed before, on the same date of, or after the docketing of this Order.

8. The Clerk of Court shall mark any and all related cases subject to this Order, filed before, on the same date of, or after the docketing of this Order, with the flag "23-1236-KNS."

9. The Clerk of Court shall mark **CLOSED** for statistical purposes any and all cases that have been designated related to Civil Action No. 23-1236 and that shall henceforth be designated related to and consolidated with the Lead Case.

10. The parties are instructed to file all documents relevant to any case that has been and will be henceforth designated related and consolidated with Civil Action No. 23-1236 only on the docket of Civil Action No. 23-1236.

11. Pursuant to Fed. R. Civ. P. 23(g), Benjamin F. Johns of Shub & Johns LLC, Joseph M. Lyon of The Lyon Law Firm, LLC, and Christian Levis of Lowey Dannenberg, P.C., are appointed Interim Co-Lead Class Counsel to act on behalf of the Plaintiffs and the putative class members in the Consolidated Action, with the following responsibilities:

   a. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

   b. Coordinate the initiation and conduct of discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure;

   c. Convene meetings amongst counsel;

   d. Conduct settlement negotiations on behalf of Plaintiffs and the putative class(es);

   e. Delegate specific tasks to the Plaintiffs' Steering Committee in a manner to ensure that pretrial preparation for Plaintiffs and the putative class(es) is conducted efficiently and effectively;

    f. Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

    g. Monitor the activities of all counsel to ensure that schedules are being met and unnecessary expenditures of time and funds are avoided;

    h. Perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court;

    i. Serve as the primary contact for communications between the Court and other Plaintiffs' counsel;

    j. Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel via the Court's electronic filing system);

    k. Communicate with Defense counsel as necessary to promote the efficient advancement of this litigation;

    l. Make available to other Plaintiffs' counsel documents produced by Defendants;

    m. Seek assistance from members of the Steering Committee as necessary through the use of specific, task-oriented, work assignments; and

    n. Allocate attorneys' fees.

12.   Charles E. Schaffer of Levin Sedran & Berman LLP is appointed Liaison Counsel to act on behalf of the Plaintiffs and the putative class members in the Consolidated Action, with the following responsibilities:

    a. Assist Interim Co-Lead Class Counsel in carrying out their responsibilities;

    b. Facilitate and expedite communications with and among Plaintiffs' counsel;

    c. Fulfill duties as requested by the Court or Interim Co-Lead Class Counsel;

    d. Receive orders, notices, correspondence, and telephone calls from the court and the Clerk of Court on Plaintiffs' behalf;

    e. Prepare and transmit copies of such orders and notices on Plaintiffs' behalf;

    f. Maintain complete files with copies of all documents served and make such files available to defense counsel on request;

g. Maintain and make available to all counsel and the Court an up-to-date service list;

h. accept service for all plaintiffs in all cases of notices, orders, pleadings, motions, discovery, and memoranda;

i. Handle administrative matters and substantive matters in conjunction with Interim Co-Lead Class Counsel; and

j. Seek assistance from members of the Steering Committee as necessary through the use of specific, task-oriented, work assignments.

13. A Plaintiffs' Steering Committee ("PSC") shall operate under the direction of Interim Co-Lead Class Counsel on behalf of the class. Terence R. Coates of Markovits, Stock & Demarco, LLC, Mark B. DeSanto of Sauder Schelkopf LLC, Danielle L. Perry of Mason LLP, and Carl Malmstrom of Wolf Haldenstein Adler Freeman & Herz LLC are appointed members of the PSC.

14. Any additional plaintiffs' counsel will do work in this litigation only at the direction of Interim Co-Lead Class Counsel. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiff except through Interim Co-Lead Class Counsel and no other Plaintiffs' counsel or firm shall be authorized to perform any work in the case without the express authorization of Interim Co-Lead Class Counsel.

15. Interim Co-Lead Class Counsel shall have sole authority to communicate with Defendants' counsel and the Court on behalf of any Plaintiff unless that authority is expressly delegated to other counsel. Defendants' counsel may rely on all agreements made with Interim Co-Lead Class Counsel, and such agreements shall be binding on all other Plaintiffs' counsel.

16. Interim Co-Lead Class Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for Plaintiffs in any related action to the extent that Interim Co-Lead Class Counsel are

aware of any such action(s) and on all attorneys for Plaintiffs whose cases may subsequently be consolidated with the above actions but who have not yet registered for ECF.

17. Plaintiffs in the Consolidated Action shall file an operative Consolidated Class Action Complaint within forty-five (45) days of this Order.

18. The Defendants in the Consolidated Action shall have until thirty (30) days after the Consolidated Class Action Complaint is filed to answer, move or otherwise respond to that complaint.

BY THE COURT:

_____
HON. KAI N. SCOTT
United States District Court Judge